■ In the Matter of HELLER & USDAN, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. This appeal is concerned with the unemployment insurance contributions rate of the appellant employer, Heller & Usdan, Inc., which was organized as a result of a consolidation April 1,

1957 of two corporations, each subject to contribution under the Unemployment Insurance Law. One of the two corporations had a negative balance in its "employer's account" (Unemployment Insurance Law, § 581, subd. 1, par. [d] [Labor Law, art. 18]); the other had a positive balance. The Industrial Commissioner has ruled, and his ruling has been sustained as a matter of law by the Unemployment Insurance Appeal Board, that the appellant is required to assume the adverse effect of the negative balance of one of the consolidated components and is therefore not entitled to a reduced contribution rate. We think the governing statute must be read the other way (§ 581, subd. 4, par. [a]). This subdivision provides that where an employer transfers its "organization, trade or business", the transferee "shall take over * * * the employer's account, including its balance and all other aspects of its experience". Although appellant continued the technical legal structure of the old corporation having the negative balance, which was a very small employing unit, it physically and in practice continued and assumed the business, including the organization, employees and place of business, of the larger unit which had the positive balance in its employer's account at the periods relevant to this controversy. At two such periods the predecessor corporation having a positive account had a payroll of $324,879.74 and $338,403.28 respectively, against $14,067.04 and $2,496.26 of the corporation having the negative balance. The business of appellant is in reality a continuance of the business of the predecessor having the positive employer's balance. To deprive the appellant of the benefit of this positive balance would be so unjust and inequitable as to require the support of a clear statutory mandate. There is no such mandate. The statute does not follow the lines of literal or technical corporate evaluation in dealing with transfers of accounts. It speaks, rather, of a transfer of "organization" and of trade or business. There is, as appellant argues "a complete continuity of employment between the employees" of the predecessor corporation having a positive balance and appellant. It is not the transfer of corporate entity, but the employment aspect of the transfer which is important for the purposes of determining the effect of a negative or positive balance in the account (*Matter of Mark Hotel Corp.* [*Catherwood*], 9 A D 2d 412). Decision reversed, with costs. Settle order.